# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BESTWAY (USA), INC. and
BESTWAY INFLATABLES & MATERIAL CORP.,

        Plaintiffs,

     -vs-                                    Case No. 13-C-1033

SHANGHAI JILONG PLASTICS PRODUCTS
CO., LTD., FUN-ZONE INFLATABLES
EXPERTS NORTH AMERICA, INC., and
ZHENGREN ZHU,

        Defendants.

# DECISION AND ORDER

In this action, Plaintiffs Bestway USA and Bestway Inflatables & Materials Corp. (collectively "Bestway") claim that Defendants Shanghai Jilong Plastics Products Co., Ltd. ("Jilong"), Fun-Zone Inflatables Experts North America ("FunZone"), and Zhengren Zhu ("Zhu"), have engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* and Wisconsin common law, and have misappropriated Bestway's style of doing business in violation of Wisconsin common law. (Compl. 1.) (ECF No. 1.) This Decision and Order addresses Zhu's motion to dismiss the claims against him for lack of personal jurisdiction. (Mot. Dismiss.) (ECF No. 10.) Zhu is alleged to be an executive officer of Jilong and to be

responsible for directing the actions of Jilong and FunZone. (Compl. ¶ 7.) Zhu avers that "[he] do[es] not directly participate in, authorize, or direct the design, manufacture, sale, marketing, or distribution of Jilong's products or the preparation or distribution of Jilong's marketing and informational materials and [has] never had any contact with Jilong's customers in the United States." (Zhu Decl. ¶ 3.) (ECF No. 12.)

### *Lack of Personal Jurisdiction*

Because Zhu has moved to dismiss for lack of personal jurisdiction, Bestway has the burden of demonstrating a prima facie case of personal jurisdiction. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). This Court has jurisdiction over the claim if the Wisconsin state courts would have jurisdiction over the claim. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Thus, a determination of personal jurisdiction begins with Wisconsin's long-arm statute, Wis. Stat. § 801.05, which is to be liberally construed in favor of jurisdiction. *Seebach v. Beetling Design Corp.*, No. 13-C-1201, 2014 WL 4365090, at \*2 (E.D. Wis. Aug. 29, 2014). The Court must then ensure that personal jurisdiction comports with due process under the Fourteenth Amendment. *Jennings*, 383 F.3d at 549. Bestway contends that personal jurisdiction is proper under Wis. Stat. §§ 801.05(1)(d) and 801.05(4)(b) and

that due process is satisfied because Zhu has minimum contacts with Wisconsin. (Pl.'s Opp'n Mot. Dismiss 2.) (ECF No. 15.)

Under Wis. Stat. § 801.05(1)(d), personal jurisdiction is proper when the defendant "engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." There is no indication that Zhu came to the United States or Wisconsin for business purposes. Since Zhu did not have substantial activities within this state, personal jurisdiction is not proper under § 801.05(1)(d).

Under Wis. Stat. § 801.05(4)(b), personal jurisdiction is proper when the defendant's products "[are] used or consumed within this state in the ordinary course of trade." Jilong owns real estate, production facilities, fixtures, and equipment in China, and has approximately 1,300 employees there. (Zhu Decl. ¶ 4.) While Jilong may have made contact and sold products in Wisconsin, "personal jurisdiction must be measured by the officer or employee's own actions, taken either personally or on behalf of the corporation." *Heritage Christian Sch., Inc. v. ING N. Am. Ins. Corp.*, No. 11-C-1067, 2012 WL 1079440, at \*3 (E.D. Wis. Mar. 30, 2012). Zhu does not directly participate in, authorize, or direct the design, manufacture, sale, marketing, or distribution of Jilong's products. Absent

facts indicating that Zhu's personal actions created any products to be used or consumed within Wisconsin, personal jurisdiction is not proper under Wis. Stat. § 801.05(4)(b).

The Court could end its analysis here, but further notes that personal jurisdiction over Zhu would not comport with due process as required by the Fourteenth Amendment. Personal jurisdiction can be general or specific. However, because Bestway does not assert there is general jurisdiction over Zhu, only specific jurisdiction remains at issue For specific jurisdiction to exist, "the defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kinslow v. Pullara*, 538 F.3d 687, 691 (7th Cir. 2008) (citations omitted). Another important consideration of specific jurisdiction is whether "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Bestway asserts that because Jilong acknowledged this Court has personal jurisdiction over it, personal jurisdiction over Zhu is also proper. (Pl.'s Opp'n Mot. Dismiss 5.) Zhu cites *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) which states, "the general rule is that

jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation," and that an exception to the general rule arises when the corporation is the alter ego of the individual.

*Stuart* is referring to the fiduciary shield doctrine. Many courts, including Wisconsin's, have not adopted the doctrine. *See Heritage Christian Sch., Inc.,* 2012 WL 1079440, at *3 (citing *Druschel v. Cloeren,* 295 Wis.2d 858, 868 (Wis. Ct. App. 2006); *Hardin Roller Corp. v. Universal Printing Mach., Inc.,* 236 F.3d 839, 842 (7th Cir. 2001)). Still, "the contacts of the corporation do not automatically count as contacts of the officer or employee," *id.*, and no facts have been presented regarding business contacts by Zhu.

To demonstrate that this Court has specific jurisdiction over Zhu, Bestway analogizes to *Leong v. SAP Am.*, 901 F. Supp. 2d 1058 (N.D. Ill. 2012). (*Id.* at 5, 6.) In *Leong*, a gender discrimination action, the Illinois district court held there was personal jurisdiction over the defendant, the former chief human resources officer of a defendant company who resided in Germany, because the defendant had discretion over her actions and knew they would affect an Illinois resident. 901 F. Supp. 2d at 1063-64. Bestway analogizes to *Leong* by providing a declaration from Jack Zhang ("Zhang") speculating as to Zhu's "likely" job responsibilities. (Zhang Decl.

¶ 3.) (ECF No. 16.) Zhang also asserts that Zhu had discretion over his actions and knew that his actions would affect Wisconsin residents. (Pl.'s Opp'n Mot. Dismiss 5-7.)

Unlike the plaintiff in *Leong*, the plaintiffs here are not residents of the forum state; and unlike the defendant in *Leong*, Zhu has never set foot in the forum state and no facts have been proffered indicating that Zhu took any actions that would affect Wisconsin residents. (Zhu Decl. ¶¶ 2, 7, 8.) Neither the Companies Law of the People's Republic of China (ECF No. 20-1) nor Zhang's declaration refute Zhu's averment that "[he] do[es] not directly participate in, authorize, or direct the design, manufacture, sale, marketing, or distribution of Jilong's products or the preparation or distribution of Jilong's marketing and informational materials and [has] never had any contact with Jilong's customers in the United States." (Zhu Decl. ¶ 3.) Thus, Zhu lacks minimum contacts with Wisconsin and has not availed himself so as to invoke the benefits and protections of Wisconsin's laws.

Bestway's request for an evidentiary hearing and jurisdictional discovery is denied because it fails to make a prima facie showing of personal jurisdiction, and "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal

jurisdiction over them exists." *Central States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Based on the foregoing, Zhu's motion is granted and Zhu is dismissed from this action.

Furthermore, pursuant to Federal Rule of Civil Procedure 16(b), telephonic scheduling conference is scheduled for January 21, 2015 at 11:00 a.m. (Central Time). Counsel are expected to be available at that time. The Court will initiate the call.

The purpose of the conference call is to establish a scheduling order which will limit the time:

1. to join other parties and to amend the pleadings;

2. to file motions; and

3. to complete discovery;

The scheduling order may also:

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is

produced;

7.   include the date or dates for conferences before trial, a final pretrial conference, and trial; and

8.   address any other matters appropriate in the circumstances of the case.

The time limitations set forth in the scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). (*See* Attach. A.) Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least 21 days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the

nature of the case.

The written report must include the telephone numbers where the parties can be reached for this call.

In addition, the Court is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the Principles Relating to the Discovery of Electronically Stored Information. Counsel should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the Standing Order Relating to the Discovery of Electronically Stored Information in their particular case. (*See* Attach. B & C.)

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Zhu's motion to dismiss the claims against him for lack of personal

jurisdiction (ECF No. 10) is **GRANTED**. Zhu is **DISMISSED** from this action.

The parties must participate in a Rule 16(b) telephonic scheduling conference on **January 21, 2015 at 11:00 a.m. (Central Time)**. The Court will initiate the call.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2014.

**BY THE COURT:**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**